IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,

Plaintiff

v.                                            CIVIL 06-1069 (JAG)

JOSÉ GONZÁLEZ-QUIÑONES et al.,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN
RELATION TO DEFAULT JUDGMENT AGAINST ABRAHAM CASIANO,
INDIVIDUALLY, AND IN REPRESENTATION OF THE CONJUGAL PARTNERSHIP
CONSTITUTED BY ABRAHAM CASIANO AND JANE DOE d/b/a/ PARADA 318

On August 29, 2006, Don King Productions, Inc., filed an amended complaint against, among others, Abraham Casiano, individually, the conjugal partnership constituted by him and his wife Jane Doe, d/b/a/ Parada 318. Plaintiff was the producer and copyright holder of the closed-circuit telecast of the November 13, 2004 boxing match between John Ruiz and Andrew Golota, including the undercard or preliminary bouts. The telecast was not intended for the use of the general public. The closed circuit exhibition was meant for certain theaters, arenas, bars, clubs, lounges, restaurants and other similar type business establishments throughout Puerto Rico and other geographical locales. An auditor observed the event being viewed by about 18 patrons on a television in Parada 318 establishment in the late evening of November 13, 2004.

CIVIL 06-1069 (JAG)                              2

This action arises under section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605.  Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 47 U.S.C. § 605.

Defendants were served with summons and copy of the complaint on September 20, 2006.  They were not contractually authorized by plaintiff to televise the event to the public in their establishment.  Upon the failure of defendant Abraham Casiano, his wife Jane Doe and the conjugal partnership between them, d/b/a/ Parada 318 to timely file an answer to the complaint or otherwise plead, plaintiff requested that default be entered against defendants. On January 9, 2009, the court entered default against the defendant Abraham Casiano, individually, the conjugal partnership constituted by him and his wife Jane Doe, d/b/a Parada 18.  On December 17, 2008, plaintiff filed a motion requesting judgment by default, with exhibits. (Docket No. 201.) The matter was referred to me on February 4, 2009 for the determination on damages.  An evidentiary hearing was scheduled for February 23, 2009.  The defendants failed to appear and the matter was submitted on the exhibits, sworn statements and memoranda of record.

Having considered the motion requesting judgment by default, accompanying exhibits, and sworn statements,  as well as the relevant statutory authority on damages, 47 U.S.C. § 605 et seq., I find as follows:

CIVIL 06-1069 (JAG)                3

The plaintiff has established through competent evidence that actual and statutory damages are appropriate as a result of defendants' illegal misappropriation of plaintiff's transmission, based upon the approximately 18 patrons looking at one television screen located at Parada 318 in the late evening of November 13, 2004 while the Ruiz-Golota boxing fight was being broadcast on that screen.

Pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), the maximum amount for statutory damages is $10,000 per defendant. Pursuant to 47 U.S.C. § 553(c)(3)(B), the court has discretion to increase this to the maximum statutory provision of $50,000 per defendant, or pursuant to 47 U.S.C. § 605(e)(C)(3)(ii) for $100,000 at the court's discretion, as the violation was willful and for commercial advantage or private gain, as the complaint states. I find that defendant's violations were willful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages. Plaintiff is also seeking reasonable attorneys' fees. I recommend that reasonable attorney's fees be awarded as well as costs.

In view of the above, it is recommended that the court enter default judgment against the defendant Abraham Casiano individually, the conjugal partnership constituted by him and his wife Jane Doe, d/b/a/ Parada 318 as requested, in the amount of $110,000, plus costs and attorney's fees, as follows:

CIVIL 06-1069 (JAG)                                  4

      a.    Pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), statutory damages of $10,000.

      b.    Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) in the amount of $100,000 for a total in the amount of $110,000;

      c.    Reasonable attorney's fees in the amount of $1,000, and costs in the amount of $250.

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

In San Juan, Puerto Rico, this 4th day of March, 2009.


                                                  S/ JUSTO ARENAS
                                Chief United States Magistrate Judge